

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50186 | **DATE** | 5/14/2002 |
| **CASE TITLE** | PERRY vs. PIERCE CHEMICAL CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted and this case is dismissed in its entirety with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✗ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| ✗ | Mail AO 450 form. |
| ✗ | Copy to judge/magistrate judge. |
| /SEC | courtroom deputy's initials |

number of notices

MAY 14 2002 date docketed

5-14-02 date mailed notice

02 MAY 14 PM 3:01
FILED-WD
U.S. DISTRICT COURT CLERK

Date/time received in central Clerk's Office

mailing deputy initials

Document Number: 27

## MEMORANDUM OPINION AND ORDER

Plaintiff, Keith D. Perry, an African-American, filed a complaint against defendant, Pierce Chemical Company, his former employer. The complaint asserts race discrimination and retaliation in violation of 42 U.S.C. § 2000e et seq. ("Title VII"). Jurisdiction and venue are proper under 42 U.S.C. § 2000e-5(f)(3). Defendant moved for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Peele v. Country Mutual Ins. Co., No. 01-3222, 2002 WL 827179, *4 (7th Cir. April 30, 2002).

Plaintiff asserts the record contains evidence of direct racial discrimination against plaintiff. The only evidence he cites in his LR 56.1(b) statement of additional facts in support of this claim is the affidavit of Paul Smith whose employment with defendant ended in September, 1991. (LR 56.1(b), Paul Smith Affidavit, ¶2.) Defendant's first charge of racial discrimination, for non-promotion, was filed in November 1993, more than two years after Smith's employment ended. Where the allegedly discriminatory remarks are not contemporaneous with the adverse employment action or causally related to it they are insufficient to create a triable issue of fact regarding discrimination. See Oest v. Illinois Dept. of Corrections, 240 F.3d 605, 611 (7th Cir. 2001) (internal quotations omitted). Derogatory remarks made more than two years prior to plaintiff's not being promoted cannot be considered direct evidence of racial discrimination. See Id. at 611-12. Plaintiff has failed to produce direct evidence of racial discrimination and must therefore proceed under the indirect method. To establish a prima facie case the plaintiff must show that "1) he belongs to a protected class; 2) his performance met his employer's legitimate expectations; 3) he suffered an adverse employment action; and 4) similarly situated others not in his protected class received more favorable treatment." Brummett v. Lee Enterprises, Inc., 284 F.3d 742, 744 (7th Cir. 2002). Plaintiff fails to satisfy parts two and four.

Defendant told plaintiff in December, 1991, that he could not be promoted to chemist without a college degree. (LR 56.1(a) ¶38) He does not present evidence that any employee was promoted to chemist without a college degree and has therefore failed to show he received harsher treatment than a similarly situated employee who was not in a protected class. See Peele, 2002 WL 827179 at *8. Defendant stated lack of skills, lack of a college degree, sleeping on the job and low production as its reasons for terminating plaintiff. (LR 56.1(b) ¶33) Plaintiff was replaced by an African-American with a Ph.D. (LR 56.1 (a) ¶34) It is uncontroverted that plaintiff sometimes fell asleep on the job (Id. ¶¶ 29,30) and that he was observed sleeping on the job on May 5, 1994 and May 16, 1994. (Id. ¶¶ 25-26). Sleeping on the job does not meet an employer's legitimate expectations. See Coates v. Johnson & Johnson, 756 F.2d 524, 554-55 (7th Cir. 1985); see also Reed v. AMAX Coal Co., 971 F.2d 1295 (7th Cir. 1992) (upholding discharge of Title VII plaintiff for sleeping on the job). Plaintiff claims a white employee who slept on the job was not fired. The only evidence plaintiff cites in his LR 56.1 (b) statement of additional facts is Smith's affidavit in which Smith states another employee who also was observed sleeping on the job was not disciplined. (LR56.1(b) ¶¶11-14) Smith's employment terminated in September,1991. Plaintiff was discharged in 1994. Smith's observations prior to his employment termination are not relevant to plaintiff's discharge because Smith's observations occurred too long before the adverse employment action. Additionally, plaintiff cites no evidence he and the employee identified by Smith were similarly situated. Where a plaintiff claims he was more harshly treated than a similarly situated employee he must show he is "similarly situated with respect to performance, qualifications, and conduct." Peele, 2002 WL 827179 at *8 (internal quotations omitted). "This normally entails a showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." Id. (internal quotations omitted). Other than falling asleep, plaintiff presents no evidence of similarity and has therefore failed to meet his burden. Plaintiff also has failed to produce sufficient evidence he otherwise was meeting his employer's legitimate expectations. He does not contend he had completed the course work for the college degree his employer had been directing him to complete for several years (LR 56.1 (b) ¶¶23-24) and admits that from the time he was employed by defendant in 1984 until his termination in 1994 that he had completed only one of the classes needed to obtain the degree. (LR 56.1(a) ¶ 10) As evidence he was performing his job well, he presents the affidavits of two people who had terminated employment with defendant over two years prior to plaintiff's discharge. Even statements of current co-workers that a plaintiff's job performance is satisfactory are insufficient to create a material issue of fact whether a plaintiff was meeting an employer's legitimate expectations, see Peele, 2002 WL 827179 at *8, much less the statements of employees who left defendants employ long before plaintiff's termination. Because plaintiff has failed to meet the burden of establishing a prima facie case, it is unnecessary to reach the issue of pretext. See Brummett, 284 F.3d at 744.

Plaintiff also alleges he was subject to retaliation for filing his discrimination charge. Plaintiff has not identified whether he is proceeding under the direct or indirect method. See Stone v. City of Indianapolis, 281 F.3d 640, 644 (7th Cir. 2002). Plaintiff has not presented direct evidence of retaliation. Plaintiff testified his supervisor, Paul Davis, told him it would be best if he left defendant because he had no future there because of the charge and that his career there was over. (LR 56.1(b) ¶36) However, plaintiff cites no evidence Davis was the decisionmaker on plaintiff's termination. Under the direct proof method, allegedly discriminatory statements are direct evidence only if they are made by the decisonmaker and relate to the employment decision at issue. See Rizzo v. Sheahan, 266 F.3d 705, 714 (7th Cir. 2001).[1] To succeed via the indirect method, he must show 1) he engaged in statutorily protected activity; (2) he performed his job according to his employer's legitimate expectations; (3) despite meeting his employer's legitimate expectations, he suffered a materially adverse employment action; and (4) he was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. Hilt-Dyson v. City of Chicago, 282 F.3d 456, 465 (7th Cir. 2002). As noted above, plaintiff has not presented evidence to show he was meeting his employer's legitimate expectations.[2]

For the foregoing reasons, defendant's motion for summary judgment is granted and this case is dismissed in its entirety with prejudice.

---

[1] The only other action, apart from termination, cited by plaintiff in his response, restrictions on his phone calls (LR 56.1(b) ¶ 37), is not significant enough to be an adverse employment action. See Gawley v. Indiana Univ., 276 F.3d 301, 314 (7th Cir. 2001).

[2] Plaintiff mentions hostile work environment in his brief. However, it is not in his EEOC charge and it is questionable whether he plead this in his complaint. Nevertheless, he does not show he was aware of the racial epithets cited in Smith's affidavit. He discusses hostile work environment in the retaliation section of his brief (Resp. p. 8-9) but the only evidence he cites are the restrictions on his phone use and Davis's comments discussed above, which are not pervasive. See Clark County School Dist. v. Breeden, 532 U.S. 268, 270 (2001).

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Keith D. Perry             **JUDGMENT IN A CIVIL CASE**

v.                       Case Number: 00 C 50186

Pierce Chemical Co.

☐   Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■   Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment is granted, and this case is dismissed in its entirety with prejudice.

All orders in this case are now final and appealable.

Michael W. Dobbins, Clerk of Court

Date: 5/14/2002                _/s/ Susan M. Wessman_
                                       Susan M. Wessman, Deputy Clerk